# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| NEAL TECHNOLOGIES, INC. § <br> § <br> v. § <br> § <br> INNOVATIVE PERFORMANCE § <br> RESEARCH, LLC and VINCE AU § <br> § | Civil Action No. 4:16-CV-00746 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Emergency Motion to Compel Defendants' Jurisdictional Discovery Responses (Dkt. #27). After reviewing the relevant pleadings, the Court determines the motion should be granted.

## BACKGROUND

On September 27, 2016, Neal Technologies, Inc. d/b/a Bullet Proof Diesel sued Innovative Performance Research, LLC ("IPR") and Vince Au ("Mr. Au") for infringement of U.S. Patent No. 9,453,454 (Dkt. #1). On January 17, 2017, Neal filed a second suit against Defendants for infringement of U.S. Patent No. 9,546,588 in 4:17-CV-43 action. On February 2, 2017, the Court granted the parties' joint motion to consolidate the 4:17-CV-43 action with this case (Dkt. #31).

On November 29, 2016, Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue, or Alternatively to Transfer the Case to the Central District of California (Dkt. #11). Subsequently, on December 8, 2016, the parties filed an Agreed Motion for Leave to Conduct Jurisdictional Discovery Regarding Defendants' Motion to Dismiss (Dkt. #20). The Court granted the motion on December 9, 2016, and extended the deadline for conducting jurisdictional discovery to March 17, 2017 (Dkt. #25). After the Court's order, Plaintiff served Defendants with interrogatories and requests for production. Four of the five

interrogatories requested a response including information from 2007 through November 28, 2016 with the fifth interrogatory requesting information from September 2010 through November 28, 2016.  On January 13, 2017, Defendants objected to Plaintiff's interrogatories and responses by arguing that Plaintiff sought information for an unreasonable, irrelevant or unspecific period of time, or temporal periods outside of the bounds of jurisdictional discovery in patent litigation.  Defendants limited the time period for responses and productions to on or after the date of filing of the patent-in-suit or January 7, 2015.  Since January 17, 2017, counsel for Plaintiff and for Defendants attempted to resolve the timeline for jurisdictional discovery without court intervention, but the parties had little success.  On January 25, 2017, Plaintiff filed its emergency motion to compel (Dkt. #27).  On February 2, 2017, Defendants filed their response (Dkt. #30).  On February 3, 2017, Plaintiff filed a reply (Dkt. #32).  On February 9, 2017, the Court held a scheduling conference and heard argument related to the pending motion.

## ANALYSIS

A district court has broad discretion regarding whether to permit a party of conduct jurisdictional discovery.  *Wyatt v. Kaplan*, 686 F.2d 276, 283–84 (5th Cir. 1982).  The scope of permissible discovery is limited by the relevancy of the inquiry, although relevance is construed broadly in the context of discovery.  *Id.*  "A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012) (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F. 3d 841, 855 (5th Cir. 2000)).

The issue before the Court is the temporal scope of jurisdictional discovery.  Plaintiff believes the relevant time frame for jurisdictional discovery dates back to 2007.  This belief is

based on Defendants' declarations supporting their motion to dismiss. In the motion to dismiss, Mr. Anu states, on behalf of IPR, that it "has been manufacturing products and operating as a business since 2007, selling products under the IPR name and logo. Through the late part of 2010, IPR LLC did business by selling products . . . through eBay." (Dkt. #27 at p. 6 (quoting Dkt. #11, Exhibit 2 at ¶ 3)). Plaintiff quote other sections of the declaration that indicate IPR engaged in sales activity occurring in July 7, 2009 and from December 18, 2010 through November 23, 2016 (Dkt. #27 at p. 7 (quoting Dkt. #11, Exhibit 2 at ¶¶ 3, 5)). With regard to Mr. Anu, Plaintiff assert Mr. Anu is an alter ego for IPR (Dkt. #27 at p. 7). Plaintiff support this assertion using Mr. Anu's declaration, which states he founded IPR and is the only supervisor who handles all IPR business activity (Dkt. #27 at p. 7 (quoting Dkt. #11, Exhibit 1 at ¶ 17)). Defendants respond that jurisdictional discovery should be limited to the filing date of the patent-in-suit, January 7, 2015, and further discovery is not justified and burdensome.[1]

The Court determines that Plaintiff should be entitled to jurisdictional discovery dating back to 2007 for both Defendants. Plaintiff's motion to compel is aimed at gathering evidence from 2007 to establish whether the Court could exercise personal jurisdiction over the Defendants. This request is based on more than a hunch that discovery might yield jurisdictionally relevant facts. Defendants' submitted declarations attached to their motion to dismiss that indicate IPR business activity and sales occurring in 2007, 2009, and 2010. Plaintiff should be given the opportunity to learn the degree of IPR's business activity from 2007 and to develop its claims of personal jurisdiction. Further, discovery relating to Mr. Anu is also permitted since Mr. Anu admits sole supervision of and substantial involvement with IPR during

---

[1] Nevertheless, to avoid motion practice, Defendants proposed to extend jurisdictional discovery to November 22, 2013, the filing date of the parent application of which the patent-in-suit claims priority.

the disputed time. Therefore, jurisdictional discovery should extend to 2007 for both IPR and Mr. Anu.

**CONCLUSION**

It is therefore **ORDERED** that Plaintiff's Emergency Motion to Compel Defendants' Jurisdictional Discovery Responses (Dkt. #27) is hereby **GRANTED**.

It is further **ORDERED** that Defendants must amend their discovery responses to comply with this order by February 17, 2017 at 5:00 PM.

**SIGNED this 14th day of February, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE